Andrew Lewinter
OSB # 080031
Andrew Lewinter, Attorney, P.C.
132 E. Broadway, Suite 821
Eugene, OR 97401
Telephone: (541) 686-4900
Facsimile: (541) 686-1300
andrew@lewinterlaw.com

Attorney for Plaintiff Stacey Randall

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **STACEY RANDALL,** an individual<br><br>Plaintiff<br><br>v.<br><br>**COTTAGE GROVE CHEVROLET, INC., dba BRAD'S COTTAGE GROVE CHEVROLET**<br><br>Defendant. | Case No.: 6:18-cv-01207-MK<br><br>**FIRST AMENDED COMPLAINT**<br>(Sexual Harassment: 42 U.S.C. § 2000e-2; Retaliation: 42 U.S.C. § 2000e-3; ORS 659A.030; ORS 659A.030(f))<br><br>DEMAND FOR JURY TRIAL |

## **INTRODUCTION**

1.

This action is brought on behalf of Plaintiff Stacey Randall for sexual harassment, in violation of 42 U.S.C. § 2000e-2, retaliation for complaining about that sexual harassment, in violation of 42 U.S.C. § 2000e-3, and analogous Oregon laws, ORS 659A.030(1)(b) and ORS 659A.030(1)(f).

///

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 42 U.S.C. § 2000e-5(f)(3), and 42 U.S.C. § 1988.  This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367(a).

3.

Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in Lane County, Oregon.

4.

Costs and reasonable attorney fees may be awarded pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d), and ORS 659A.885 on all claims described herein.

## PARTIES

5.

Plaintiff Stacey Randall ("Ms. Randall") is a citizen of Oregon and a resident of Lane County.   Ms. Randall was employed by Defendant as a full-time finance manager from January 2015 until Defendant discharged her on March 1, 2018.

6.

Defendant is an automobile dealership in Cottage Grove, Oregon.  Defendant is an Oregon corporation.

7.

At all times material to this Complaint, Andrew Burns was Defendant's General Sales Manager. Manager Burns had supervisory authority over Ms. Randall.  At all times material to

this Complaint, Erik Moi was Defendant's General Manager.  Manager Moi had supervisory

authority over Manager Burns and over all employees of Defendant.

## **FACTS**

8.

On or about January 30, 2018, Manager Burns called Ms. Randall a "cunt." Ms. Randall

immediately asked him to stop calling her that word, and told him that it was very offensive to

her.

9.

On or about February 3, 2018, Manager Burns mocked Ms. Randall by asking her

"Stacey, if I can't call you a 'C U Next Tuesday' (i.e. CUNT), what other things can't I call you?

Are there other names or insinuations that are off limits?"   Manager Burns asked Ms. Randall

that mocking question in front of General Manager Moi.

10.

Ms. Randall immediately retreated to her office, but Manager Burns pursued her,

repeating the acronym "C U Next Tuesday" several times.  There, Manager Burns clarified to

one of Ms. Randall's coworkers that "C U Next Tuesday" was an acronym for the word "cunt. "

11.

On or about February 26, 2018, Ms. Randall texted Manager Moi to complain that

Manager Burns had called her a "the C word."

12.

On or about February 27, 2018, Ms. Randall met with General Manager Moi to discuss

her complaint that Manager Burns had repeatedly called her the "C word", despite her requests

that he stop. Immediately after that meeting, General Manager Moi suspended Ms. Randall.

General manager Moi told Ms. Randall that she was being suspended for insubordination, but refused to explain to her how she had been insubordinate.

13.

Defendant fired Ms. Randall on March 1, 2018, which would have been her next regular day of work.

14.

On March 29, 2018, Ms. Randall filed a complaint of discrimination in violation of ORS 659A.030, 659A.030(f) and ORS 659A.199 with the Oregon Bureau of Labor and Industries (BOLI) on the bases and facts as alleged in this Complaint.  That complaint was co-filed with the EEOC on March 30, 2018, as Defendant's conduct also violated Title VII of the Civil Rights Act of 1964.  Ms. Randall requested and was granted a right-to-sue notice from the EEOC on May 22, 2018 to expire 90 days thereafter.  This action is timely filed within those timeframes.

**FIRST CLAIM FOR RELIEF – SEXUAL HARASSMENT 42 U.S.C. § 2000e-2**

15.

Ms. Randall re-alleges paragraphs 1 through 14 and incorporates them as if fully set forth herein.

16.

Ms. Randall was subjected to unwelcome, offensive, and sexually harassing conduct during her employment with Defendant.  That sexual harassment was sufficiently severe and pervasive that it created an intimidating and hostile working environment. Defendant thereby discriminated against Ms. Randall in the terms, conditions, and privileges of her employment because of her sex in violation of 42 U.S.C. § 2000e-2.

///

17.

Ms. Randall notified management about the sexually harassing conduct, but Defendant chose to fire her instead of taking appropriate corrective action. Ms. Randall suffered humiliation, shame, embarrassment and depression as a result of that sexually harassing environment.   These damages are continuing.

18.

The actions of Defendant were intentional or taken in reckless disregard of Ms. Randall's rights, and punitive damages in an amount to be determined by the jury should be awarded to punish Defendant and to deter it and others from acting in a similar manner in the future.

19.

Ms. Randall seeks compensatory and punitive damages for the emotional distress she suffered as a result of Defendant's violation of 42 U.S.C. § 2000e-2 in an amount to be determined at trial, but not more than $500,000. Ms. Randall also seeks reasonable attorney fees and costs of this action, as provided by 42 U.S.C. § 2000e-5.

## SECOND CLAIM FOR RELIEF – RETALIATION 42 U.S.C. § 2000e-3

20.

Ms. Randall realleges paragraphs 1 through 14 and incorporates them as if fully set forth herein.

21.

Defendant discriminated against Ms. Randall, in violation of 42 U.S.C. § 2000e-3, by suspending and then firing her because she opposed, reported and complained about manager Burns' sexual harassment of her.

///

22.

The actions of Defendant were intentional or taken in reckless disregard of Ms. Randall's rights, and punitive damages in an amount to be determined by the jury should be awarded to punish Defendant and to deter it and others from acting in a similar manner in the future.

23.

Ms. Randall seeks compensatory and punitive damages for the emotional distress she suffered as a result of Defendant's violation of 42 U.S.C. § 2000e-3 in an amount to be determined at trial, but not more than $500,000. Ms. Randall also seeks back pay and front pay for that violation in an amount to be determined at trial.  Moreover, Ms. Randall seeks reasonable attorney fees and costs of this action, as provided by 42 U.S.C. § 2000e-5.

## THIRD CLAIM FOR RELIEF – ORS 659A.030(1)(b)

24.

Ms. Randall realleges paragraphs 1 through 23 and incorporates them as if fully set forth herein.

25.

Defendant discriminated against Ms. Randall because of her sex in her terms, condition, and privileges of employment, in violation of ORS 659A.030(1)(b).

26.

Ms. Randall seeks compensatory and punitive damages for the emotional distress she suffered as a result of Defendant's violation of ORS 659A.030(1)(b) in an amount to be determined at trial, but not more than $500,000. Ms. Randall also seeks back pay and front pay for that violation in an amount to be determined at trial.  Moreover, Ms. Randall seeks reasonable attorney fees and costs of this action, as provided by ORS 659A.885.

## FOURTH CLAIM FOR RELIEF – ORS 659A.030(1)(f)

27.

Ms. Randall realleges paragraphs 1 through 23 and incorporates them as if fully set forth herein.

28.

Defendant discriminated against Ms. Randall, in violation of ORS 659A.030(1)(f), by suspending and then firing her because she opposed, reported and complained about manager Burns' sexual harassment of her.

29.

Ms. Randall seeks compensatory and punitive damages for the emotional distress she suffered as a result of Defendant's violation of ORS 659A.030(1)(f) in an amount to be determined at trial, but not more than $500,000. Ms. Randall also seeks back pay and front pay for that violation in an amount to be determined at trial. Moreover, Ms. Randall seeks reasonable attorney fees and costs of this action, as provided by ORS 659A.885.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Ms. Randall hereby demands a trial by jury as to all issues.

## DEMAND FOR RELIEF

**WHEREFORE**, Ms. Randall prays for judgment against Defendant as follows:

1.  Economic damages in the form of lost wages and prejudgment interest in an amount to be determined at trial;

2.  Front pay in an amount to be determined at trial;

3.    Her reasonable attorney fees and costs incurred herein;

4.    Compensatory Damages in an amount to be determined at trial;

5.    Punitive damages in an amount to be determined at trial; and

6.    Such other relief as the Court deems just and equitable;


DATED this March 8, 2019


_s/ Andrew Lewinter_
Andrew Lewinter OSB # 080031